# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN R. TEEPLE,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 1:25-cv-00412-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Petitioner challenges his continued confinement, arguing that he is entitled to immediate transfer to a pre-release facility. (ECF No. 1 at 1.[2]) Petitioner argues that because the Federal Bureau of Prisons ("BOP") "refuses to follow numerous courts decision [sic] since 2022 it would be a futile gesture to try and exhaust my administrative remedies." (ECF No. 1 at 3–4.)

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). Petitioner asserts in a conclusory manner that exhausting administrative remedies would be futile. Petitioner does not allege that the BOP's refusal to transfer Petitioner to a pre-release facility is a result of a BOP policy or Program Statement nor does Petitioner otherwise explain that the BOP "would almost certainly have denied" any administrative appeal. See Ward, 678 F.3d at 1046 ("Because of the existence of official BOP policy . . . exhaustion would be futile[.]"; Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) ("However, because the Regional Director would almost certainly have denied her request as well, citing the same official Bureau of Prisons policy, we agree with the district court's conclusion that any further application for administrative remedies would be futile.").

Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust administrative remedies.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **April 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge