# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN R. TEEPLE,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN,<br><br>      Respondent. | Case No. 1:25-cv-00412-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On April 9, 2025, Petitioner filed the instant petition wherein he challenges his continued confinement, arguing that he is entitled to immediate transfer to a pre-release facility. (ECF No. 1 at 1.[1]) Petitioner argues that because the Federal Bureau of Prisons ("BOP") "refuses to follow numerous courts decision [sic] since 2022 it would be a futile gesture to try and exhaust my administrative remedies." (ECF No. 1 at 3–4.) On April 11, 2025, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies. (ECF No. 4.) On April 18, 2025, Petitioner filed a response. (ECF No. 6.)

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). In both the petition and his response to the order to show cause, Petitioner asserts in a conclusory manner that exhausting administrative remedies would be futile. Although Petitioner cites to various cases and alleges that said cases "have shown BOPs combativeness toward court orders to transfer eligible prisoners to halfway house/prerelease custody," (ECF No. 6 at 1), Petitioner does not allege that the BOP's refusal to transfer Petitioner to a pre-release facility is a result of an official BOP policy or Program Statement. See Ward, 678 F.3d at 1046 ("Because of the existence of official BOP policy . . . exhaustion would be futile[.]"; Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) ("However, because the Regional Director would almost certainly have denied her request as well, citing the same official Bureau of Prisons policy, we agree with the district court's conclusion that any further application for administrative remedies would be futile.").

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

///

---

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3