UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN R. TEEPLE,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>        Respondent. | No. 1:25-cv-00412-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Doc. 8 |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 6, 2025,[1] the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition for failure to exhaust administrative remedies. Doc. 8. The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty days after service. To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court holds the findings and

---

[1] The findings and recommendations were signed on June 5, 2025, but not docketed until June 6, 2025.

1

1 | recommendations to be supported by the record and proper analysis.

2 |     In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681–82 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly:

    1. The findings and recommendations issued on June 6, 2025, Doc. 8, are ADOPTED in full;

    2. The petition for writ of habeas corpus is DISMISSED; and

    3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   July 26, 2025

UNITED STATES DISTRICT JUDGE